IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUANA SANCHEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-cv-4860 |
| | ) | |
| BASIL APOSTOLOU, | ) | |
| VPC PIZZA OPERATING CORP., | ) | |
| and VPC PRUDENTIAL PIZZA, LLC, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## COMPLAINT AND JURY DEMAND

Plaintiff, Juana Sanchez, through her attorneys, Jeffrey Grant Brown, and for her Complaint in this matter, alleges as follows:

## NATURE OF THE ACTION

1. This is an action under the Employee Polygraph Protection Act, 29 U.S.C § 2001 *et seq*. (the "Act"). Plaintiff's former employer, Prudential Pizza, Inc. ("PPI"), has already had a judgment entered against it for violating Title VII and for retaliating against Plaintiff; and for violating the Act, by illegally requesting that Plaintiff take a polygraph examination. Defendant Basil Apostolou is the principal owner and manager of Plaintiff's former employer, PPI, and participated in that polygraph examination request, acting as her employer under the Act. VPC Pizza Operating Corp. and/or VPC Prudential Pizza, Inc., are the successor(s) in interest to PPI, and are liable under Title VII for the acts of their predecessor PPI.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3). This action is authorized and instituted pursuant to Section 706(e)(2) and (3) of Title

VII, 42 U.S.C. § 2000e-5(f)(1), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C § 1981a.

3. Venue is proper in this Court because Defendants reside in this District, and because the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern Division.

**PARTIES**

4. Plaintiff is an individual and a resident and citizen of the City of Chicago, in Cook County, Illinois; and PPI's records of Plaintiff's employment reflect Plaintiff's residency and citizenship. Plaintiff was employed by PPI as a telephone clerk.

5. Defendant Basil Apostolou is an individual, and is a resident and a citizen of Illinois, and resides in the Northern District of Illinois. Defendant Basil Apostolou owned and/or operated a Giordano's pizza restaurant located in Chicago, Illinois, known as Prudential Pizza, Inc.

6. Upon information and belief, Defendant VPC Pizza Operating Corp. ("VPC Corp.") is a Delaware corporation.

7. Upon information and belief, Defendant VPC Prudential Pizza, LLC ("VPC, LLC") is an Illinois limited liability company.

8. Upon information and belief, Defendant VPC Corp. is the sole member of Defendant VPC, LLC.

9. Upon information and belief, on approximately December 1, 2011, all of Defendant PPI's assets were exchanged for an ownership interest in Defendant VPC Corp.

and/or Defendant VPC, LLC (the "PPI Sale"). As of the date of the PPI Sale, Defendant PPI no longer owned the assets of, nor operated, the Prudential Giordano's pizza restaurant.

10. PPI was purchased by Defendant VPC Corp and/or VPC, LLC, after a certain lawsuit, *Juana Sanchez v. Prudential Pizza, Inc., et al*, No. 10 C 6289, had been filed (herein, "the Prior Action"); and, upon information and belief, after summary judgment on the issue of liability had been entered against PPI in the Prior Action.

11. Upon information and belief, Defendant VPC Corp. and/or Defendant VPC, LLC continue to operate the Prudential Restaurant at the same location as it was operated when owned by Defendant PPI: 135 E. Lake Street, Chicago, Illinois.

12. Upon information and belief, Defendant VPC Corp. and/or Defendant VPC, LLC use the same machinery, equipment, and methods to produce the same product as that used and produced by Defendant PPI.

13. Upon information and belief, Defendant VPC Corp. and/or Defendant VPC, LLC, a wholly-owned subsidiary of VPC Corp., use substantially the same work force and supervisory personnel as used by Defendant PPI, and the same jobs exist under substantially the same working conditions.

14. Upon information and belief, at all times relevant, there has been continuity of business operations of the Defendant PPI and Defendant VPC Corp. and/or Defendant VPC, LLC.

15. Upon information and belief, Defendant VPC Corp. and Defendant VPC, LLC, are companies operated by sophisticated investors.

16. Upon information and belief, Defendant VPC Corp. and/or Defendant VPC, LLC conducted substantial due diligence regarding the assets and liabilities of Defendant PPI prior to the PPI Sale.

17. Plaintiff's claims in the Prior Action have been a matter of public record since approximately September 30, 2010.

18. Upon information and belief, Defendant VPC Corp. and/or Defendant VPC, LLC learned of Plaintiff's claims against Defendant PPI in the Prior Action during the due diligence process prior to the PPI Sale.

19. Upon information and belief, Defendant VPC Corp. and/or Defendant VPC, LLC had actual notice of Plaintiff's claims against Defendant PPI in the Prior Action prior to the PPI Sale.

20. Defendant VPC Corp. is liable for Plaintiff's claims against Defendant PPI in the Prior Action under the doctrine of federal common law successor liability.

21. Defendant VPC, LLC is liable for Plaintiff's claims against Defendant PPI in the Prior Action under the doctrine of federal common law successor liability.

## STATEMENT OF CLAIMS

22. In approximately November, 2008, Plaintiff began her employment with PPI as a telephone clerk at PPI's restaurant.

23. During approximately May, 2009, PPI hired Alex Marquez ("Marquez") to work as a manager for PPI.

24. Beginning in approximately May, 2009, Plaintiff suffered acts of sexual harassment committed by PPI's manager, Alex Marquez. In particular, Marquez continually made several sexually harassing comments to Plaintiff, including that he would spank her and

that he wanted to sleep with her and have sex with her. Certain of Plaintiff's co-workers witnessed these acts of harassment.

25. In approximately April, 2010, Plaintiff orally notified PPI of the illegal acts Plaintiff suffered, by among other things notifying one of PPI's managers, Mr. Edgar Colon.

26. In approximately May, 2010, Plaintiff notified PPI and Defendant Basil Apostolou in writing of the illegal acts she suffered, by writing a letter to Defendant Basil "Bill" Apostolou.

27. Thereafter, Defendant Apostolou met with Plaintiff to discuss the complaints raised in Plaintiff's letter.

28. Defendant Apostolou subsequently told Plaintiff that he spoke with Marquez regarding Plaintiff's complaints, and that he directed Marquez to stop harassing Plaintiff. However, Marquez continued to harass Plaintiff.

29. Subsequently, Plaintiff again complained to Bill Apostolou regarding Marquez's harassment toward her.

30. In response, rather than disciplining Marquez, Defendant Apostolou instead attempted to change *Plaintiff's* work schedule in such a manner that Plaintiff and Marquez would no longer work the same shifts together. However, there remained shifts where Plaintiff was required to work with, and be managed by, Marquez, and Marquez continued to harass Plaintiff during those shifts.

31. In approximately early June, 2010, Defendant Apostolou required Plaintiff to attend a meeting regarding Plaintiff's complaints of harassment. Present at the meeting were Bill Apostolou; his father, John Apostolou; and Giordano's in-house counsel, Michaela Corcoran-Stapleton.

32. During the meeting, John Apostolou accused Plaintiff of lying about her claims of sexual harassment, and told Plaintiff she would be required to take a lie detector test to prove her claims.

33. Defendant Basil Apostolou participated in the meeting, and made no effort to stop John Apostolou from demanding that Plaintiff take a lie detector test.

34. Shortly thereafter, on approximately July 15, 2010, Defendant Apostolou and PPI terminated Plaintiff's employment in retaliation for her complaints of sexual harassment.

35. The effect of the practices complained of above was to deprive Plaintiff of equal employment opportunities and to otherwise adversely affect her status as an employee because of her gender.

36. The unlawful employment practices complained of above were intentional.

37. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

38. The unlawful employment practices complained of above have caused Plaintiff to suffer damages including, but not limited to, lost wages.

39. Plaintiff brought the Prior Action, *Juana Sanchez v. Prudential Pizza, Inc., et al*, No. 10 C 6289, against PPI and John Apostolou, alleging, among other things, a violation of the Employee Polygraph Protection Act.

40. John Apostolou submitted an affidavit in the Prior Action, admitting that he had told Plaintiff that Marquez was not the kind of person to do what she had alleged, and told Plaintiff that Marquez had indicated that he would be willing to take a lie detector test.

41. During the course of litigating the Prior Action, all of the assets of PPI were transferred to, or were purchased by, Defendant VPC Corp. and/or Defendant VPC, LLC.

42. Defendant VPC Corp. and/or Defendant VPC, LLC, continued, in substantially the same form, the business of Prudential Pizza, Inc., operating the business from the same location, using many of the same employees to make the same products as PPI did.

43. The Court in the Prior Action entered judgment against John Apostolou in the amount of $10,000, under the Employee Polygraph Protection Act.

44. The Court in the Prior Action entered judgment against PPI in the amount of $30,000, relating to Plaintiff's claims of harassment, discrimination and retaliation under Title VII, and her claims under the Act.

## COUNT I
**Violation of Title VII – Discrimination Based on Gender – Successor Liability**

45. Plaintiff realleges and incorporates by reference Paragraphs 1 through 44 as Paragraph 45 of this Count I.

46. At all times relevant, there was in effect a federal statute, the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., which provides:

(a) It shall be an unlawful employment practice for an employer –

(1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex or national origin.

42 U.S.C. § 2000e-2.

47. PPI was aware, or should have been aware, of Title VII and that it is illegal to treat an employee differently and/or to terminate an employee's employment because of the employee's gender.

48. During Plaintiff's employment with PPI, she was subjected to acts of sexual harassment and discrimination by PPI's employees, managers and/or owners.

49. This illegal gender discrimination and sexual harassment created a hostile and abusive work environment for Plaintiff.

50. PPI's actions as set forth above were willful, intentional and/or made in reckless disregard of Plaintiff's rights.

51. PPI's conduct as described above constitutes a willful violation of Title VII.

52. Judgment has been entered against PPI for its violation of Title VII.

53. Defendant VPC Corp. is a successor in interest to PPI, and as such, must be held accountable for the actions of PPI and liable for the judgment against PPI.

54. Defendant VPC, LLC is a successor in interest to PPI, and as such, must be held accountable for the actions of PPI and liable for the judgment against PPI.

WHEREFORE, Plaintiff prays for an order entering judgment against Defendant VPC Corp. and Defendant VPC, LLC, jointly and severally, and awarding Plaintiff the following relief:

a. Back pay from July 15, 2010 through the date of judgment, for all amounts Plaintiff would have earned had Plaintiff been paid her full hourly wages for all hours normally worked during the workweek, to which Plaintiff would have been entitled had she remained employed by Defendant PPI through the date of judgment;

b. Front pay;

c. Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and future pecuniary loss;

d. Costs and reasonable attorneys' fees incurred;

e. Pre- and post-judgment interest on all amounts awarded under (a) and (c) above;

f. Punitive damages in an amount which will serve to punish and deter Defendants and to deter others from such acts in the future;

g. All liability arising from the judgment entered against PPI in the Prior Action; and

h. Such other legal and equitable relief as this Court may deem proper.

## COUNT II
### Violation of Title VII – Unlawful Retaliation – Successor Liability

55. Plaintiff realleges and incorporates by reference by reference Paragraphs 1 through 44 as Paragraph 55 of this Count II.

56. At all times relevant, there was in effect a certain federal statute, Title VII, which provides,

> It shall be an unlawful employment practice for an employer to discriminate against any of its employees … because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

57. PPI was aware, or should have been aware, of Title VII and that it is illegal to treat an employee differently and/or to terminate an employee's employment because of the employee's gender.

58. Plaintiff made multiple complaints to PPI regarding the illegal discrimination and sexual harassment that she was suffering at the hands of PPI's manager, Marquez, which resulted in a hostile work environment.

59. Shortly after Plaintiff's last complaint of sexual harassment and discrimination, PPI terminated Plaintiff's employment, either in whole or in part, because of her gender, and in retaliation for her complaints regarding Marquez.

60. PPI's conduct as set forth above is so harmful it would dissuade a reasonable worker from filing a discrimination complaint.

61. PPI's actions as set forth above were willful, intentional, and/or made in reckless disregard of Plaintiff's rights.

62. PPI's conduct as described above constitutes a willful violation of Title VII.

63. Judgment has been entered against PPI for its violation of Title VII.

64. Defendant VPC Corp. is a successor in interest to PPI, and as such, must be held accountable for the actions of PPI and liable for the judgment against PPI.

65. Defendant VPC, LLC is a successor in interest to PPI, and as such, must be held accountable for the actions of PPI and liable for the judgment against PPI.

WHEREFORE, Plaintiff prays for an order entering judgment against Defendant VPC Corp., and Defendant VPC, LLC, jointly and severally, and awarding Plaintiff the following relief:

    a. Back pay from July 15, 2010 through the date of judgment, for all amounts Plaintiff would have earned had Plaintiff been paid her full hourly wages for all hours normally worked during the workweek, to which Plaintiff would have been entitled

had she remained employed by Defendants PPI, VPC Corp., and/or VPC, LLC, through the date of judgment;

b.  Front pay;

c.  Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and future pecuniary loss;

d.  Costs and reasonable attorneys' fees incurred;

e.  Pre- and post-judgment interest on all amounts awarded under (a) and (c) above;

f.  Punitive damages in an amount which will serve to punish and deter Defendants and to deter others from such acts in the future;

g.  All liability arising from the judgment entered against PPI in the Prior Action; and

h.  Such other legal and equitable relief as this Court may deem proper.

## COUNT III
### Violation of Employee Polygraph Protection Act

66. Plaintiff realleges and incorporates by reference by reference Paragraphs 1 through 44 as Paragraph 66 of this Count III.

67. At all times relevant, there was in effect a certain federal statute, the Employee Polygraph Protection Act, which provides, at 29 U.S.C § 2002:

> (I)t shall be unlawful for any employer engaged in or affecting commerce or in the production of goods for commerce-
>
> (1) directly or indirectly, to require, request, suggest, or cause any employee or prospective employee to take or submit to any lie detector test;
>
> (2) to use, accept, refer to, or inquire concerning the results of any lie detector test of any employee or prospective employee;

   (3) to discharge, discipline, discriminate against in any manner, or deny employment or promotion to, or threaten to take any such action against--

      (A) any employee or prospective employee who refuses, declines, or fails to take or submit to any lie detector test, or

      (B) any employee or prospective employee on the basis of the results of any lie detector test; or

   (4) to discharge, discipline, discriminate against in any manner, or deny employment or promotion to, or threaten to take any such action against, any employee or prospective employee because—

      (A) such employee or prospective employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter,

      (B) such employee or prospective employee has testified or is about to testify in any such proceeding, or

      (C) of the exercise by such employee or prospective employee, on behalf of such employee or another person, of any right afforded by this chapter.

66. The Employee Polygraph Protection Act defines "employer" as "any person acting directly or indirectly in the interest of an employer in relation to an employee or prospective employee." 29 U.S.C. § 2001.

67. Defendant Basil Apostolou was acting directly or indirectly in the interest of PPI and John Apostolou, in relation to Plaintiff Juana Sanchez, when Defendant Basil Apostolou participated in the meeting in which his father, John Apostolou, told Plaintiff she would be required to take a lie detector test to prove her claims of sexual harassment as set forth above.

68. Plaintiff was damaged by Defendant Basil Apostolou's illegal demand that Plaintiff be subjected to a lie detector test.

WHEREFORE, Plaintiff prays for an order entering judgment against Defendants VPC Corp., VPC, LLC, and Basil Apostolou, jointly and severally, and awarding Plaintiff the following relief:

a. Compensatory damages for emotional pain, suffering, inconvenience, mental anguish, and future pecuniary loss;

b. Costs and reasonable attorneys' fees incurred;

c. Pre- and post-judgment interest on all amounts awarded under (a) and (c) above;

d. Punitive damages in an amount which will serve to punish and deter Defendants and to deter others from such acts in the future;

e. All liability arising from the judgments entered against PPI and John Apostolou in the Prior Action; and

f. Such other legal and equitable relief as this Court may deem proper.

    Respectfully submitted,

    /s/ Jeffrey Grant Brown
    One of the attorneys for Plaintiff

Jeffrey Grant Brown
Jeffrey Grant Brown, P.C.
221 North LaSalle Street
Suite 1414
Chicago, Illinois 60601
(312) 789-9700