IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUANA SANCHEZ, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 12 C 4860 |
| BAIL APOSTOLOU, VPC PIZZA OPERATING CORP., and VPC PRUDENTIAL PIZZA, LLC, | ) ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Juana Sanchez has sued Basil Apostolou, VPC Pizza Operating Corp. (VPC Pizza), and VPC Prudential Pizza, LLC (VPC Prudential) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5, and the Employee Polygraph Protection Act (EPPA), 29 U.S.C. § 2005(c). The defendants have moved to dismiss on various grounds.

Plaintiff was employed by Prudential Pizza, Inc. (PPI), which operated a Giordano's Pizza restaurant at the Prudential Plaza building in Chicago. Basil Apostolou was the principal owner and manager of PPI. In 2010, Sanchez sued PPI and John Apostolou, the primary shareholder of an entity that was the franchisor of Giordano's restaurants. Sanchez alleged that PPI had violated Title VII by discriminating against her based on gender and retaliating against her and that it had violated the EPPA. Her claim against John Apostolou was confined to the alleged EPPA violation.

In late 2011, PPI's assets were exchanged for an ownership interest in VPC Pizza, and after that, PPI no longer operated the restaurant. In April 2012, Sanchez moved to file an amended complaint, seeking to add as defendants both VPC Pizza and VPC Prudential, which she alleged actually was holding the assets that PPI had sold to VPC Pizza. She alleged that the two VPC entities were liable on a theory of successor liability. Judge Sharon Coleman, who presided over Sanchez's earlier case, denied Sanchez's motion to amend her complaint. Judge Coleman ruled that the deadline for amending the pleadings had run and that Sanchez had not shown good cause for a late amendment because she had not shown due diligence in seeking to add the VPC entities as parties. Judge Coleman ruled alternatively that Sanchez's proposed complaint did not adequately allege all of the elements needed to establish successor liability. Sanchez's case was disposed of in April 2012 via her acceptance of offers of judgment from the two defendants.

Sanchez filed the present suit in June 2012. In counts 1 and 2 of her complaint, she names the two VPC entities as defendants, alleging that they are liable on her Title VII claims against PPI under principles of successor liability. In count 3, she names the VPC entities and Basil Apostolou, alleging that they are liable under the EPPA. This claim is based on the same underlying facts as Sanchez's EPPA claim in the first suit.

The VPC defendants argue: (1) Sanchez has failed to state a claim for successor liability in counts 1 and 2; (2) Judge Coleman already rejected her successor liability claim with regard to counts 1 and 2, and that ruling bars her current claims; and (3) Sanchez has failed to state a claim against the VPC defendants under the EPPA. In

2

her response, Sanchez has agreed to drop the VPC defendants from her EPPA claim, so the Court need not address that argument.

The next question concerns the effect of Judge Coleman's ruling. Part of the ruling was purely procedural. Judge Coleman ruled that Sanchez had waited too long – vis-à-vis the deadline in that case for amending the pleadings – to bring her claims against the VPC entities as part of that particular lawsuit. That plainly was not a ruling on the merits, and it did not bar Sanchez from filing a separate suit against the VPC entities.

The alternative ruling that Judge Coleman made, however, was that Sanchez had failed to make allegations sufficient to establish successor liability. A Rule 12(b)(6) dismissal is typically a decision on the merits unless leave to replead is granted, *see McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 879 n.4 (7th Cir. 2012), and Judge Coleman did not grant leave to replead. That said, the procedural context is unusual enough that the Court is not yet persuaded, particularly given the VPC defendants' rather perfunctory arguments on this score, that Judge Coleman's ruling is a claim-preclusive bar to a separate suit against the VPC defendants.

On the other hand, as the VPC defendants point out, the successor liability allegations against the VPC defendants in the present case are identical to those that Judge Coleman found deficient. Thus if nothing else, the doctrine of law of the case counsels against revisiting that particular ruling (this case is, for this purpose at least, a continuation of the earlier suit). Sanchez does not contend that the law has changed, nor does she contend that Judge Coleman's ruling was manifestly erroneous. *See Toliver v. Pollard*, 688 F.3d 853, 861 (7th Cir. 2012). The Court thus concludes, based

3

on Judge Coleman's prior ruling and the law of the case doctrine, that Sanchez has failed to state a claim of successor liability.

Basil Apostolou separately argues that the judgment in the earlier case bars the EPPA claim against him. The Court agrees. The federal rule of claim preclusion, which applies because the earlier judgment is a federal judgment, requires identity of parties or their privies, a final judgment on the merits, and an identity of causes of action. *See, e.g., Matrix IV, Inc. v . Am. Nat. Bank and Trust Co. of Chicago*, 649 F.3d 539, 547 (7th Cir. 2011). If claim preclusion applies, it bars "not only those issues actually decided in the prior suit, but all other issues which could have been brought." *Id.* (internal quotation marks omitted). Basil Apostolou (sometimes called Bill, evidently) is certainly in privity with PPI; Sanchez alleges in her complaint that he owned or operated the restaurant, and her complaints in this case and the earlier case put him at the center of the misconduct of which Sanchez complained in her Title VII claims. There is also no question that there was a final judgment on the merits. In addition, the claim that Sanchez brings against Basil Apostolou in the present case relies on the same underlying conduct as her EPPA claim in the earlier case.

Sanchez offers no reason why she could not have sued Basil, from day one, in the earlier case – indeed, as the Court has indicated, his name is all over her complaint there. (This is a different situation from the VPC entities, which did not even exist until well after Sanchez filed the earlier suit.) As the Seventh Circuit stated in *Palka v. City of Chicago*, 662 F.3d 428 (7th Cir. 2011), Sanchez's EPPA claim against Basil Apostolou "is a quintessential example of claim splitting in duplicative lawsuits, a litigation tactic that [claim preclusion] doctrine is meant to prevent." *Id.* at 437.

4

For these reasons, the Court grants both defendants' motions to dismiss. The dismissal as to Basil Apostolou is with prejudice due to the application of the doctrine of claim preclusion. The dismissal as to the VPC entities is not with prejudice at this point. If Sanchez believes that she can file a viable amended complaint against them consistent with her obligations under Federal Rule of Civil Procedure 11, she may file a motion for leave to amend, attaching her proposed amended complaint, by no later than November 14, 2012. The case is set for a status hearing on November 19, 2012 at 9:30 a.m. The Court takes Basil Apostolou's motion for sanctions under advisement.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: October 31, 2012