# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JUANA SANCHEZ, | ) |
|        Plaintiff, | ) ) ) |
|   vs. | )   Case No. 12 C 4860 ) |
| BASIL APOSTOLOU, VPC PIZZA OPERATING CORP., and VPC PRUDENTIAL PIZZA, LLC, | ) ) ) ) |
|        Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

      The Court previously dismissed Juana Sanchez's claims against Basil Apostolou, VPC Pizza Operating Corp. (VPC Pizza), and VPC Prudential Pizza, LLC (VPC Prudential) under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5, and the Employee Polygraph Protection Act (EPPA), 29 U.S.C. § 2005(c). The dismissal as to Basil Apostolou was with prejudice. Sanchez has moved to file an amended complaint against the VPC defendants.

      Sanchez was employed by Prudential Pizza, Inc. (PPI), which operated a Giordano's Pizza restaurant at the Prudential Plaza building in Chicago. Basil Apostolou was the principal owner and manager of PPI. In 2010, Sanchez sued PPI and John Apostolou, the primary shareholder of an entity that was the franchisor of Giordano's restaurants. *Sanchez v. Prudential Pizza, Inc.*, No. 10 C 6289 (N.D. Ill.). Sanchez alleged that PPI had violated Title VII by discriminating against her based on

gender and retaliating against her and that it had violated the EPPA. Her claim against John Apostolou was confined to the alleged EPPA violation. The case was assigned to Judge Sharon Coleman.

In late 2011, PPI's assets were exchanged for an ownership interest in VPC Pizza, and after that, PPI no longer operated the restaurant. In April 2012, Sanchez moved to file an amended complaint, seeking to add as defendants both VPC Pizza and VPC Prudential, which she alleged actually was holding the assets that PPI had sold to VPC Pizza. She alleged that the two VPC entities were liable on a theory of successor liability.

Judge Coleman denied Sanchez's motion to amend her complaint. Judge Coleman ruled that the deadline for amending the pleadings had run and that Sanchez had not shown good cause for a late amendment because she had not shown due diligence in seeking to add the VPC entities as parties. Judge Coleman ruled alternatively that Sanchez's proposed complaint did not adequately allege the elements needed to establish successor liability.

Sanchez's earlier case was disposed of in April 2012 after Sanchez accepted offers of judgment from the two defendants. Judge Coleman entered judgment in favor of Sanchez against Prudential Pizza for $30,000 and also entered judgment in favor of Sanchez against John Apostolou for $10,000. In September 2012, Judge Coleman granted Sanchez's petition for attorney's fees, awarding her $140,000. Sanchez has advised, however, that she has been unable to collect on these judgments because the defendants are judgment proof.

Sanchez filed the present suit in June 2012. In counts 1 and 2 of her original

complaint, she named the two VPC entities as defendants, alleging that they are liable on her Title VII claims against PPI under principles of successor liability. In count 3, she named the VPC entities and Basil Apostolou, alleging that they are liable under the EPPA. This claim was based on the same underlying facts as Sanchez's EPPA claim in the first suit.

The defendants moved to dismiss Sanchez's complaint, arguing among other things that the judgments in the first case barred Sanchez's claims. The Court ruled that the claim against Basil Apostolou was barred by the doctrine of claim preclusion. *See Sanchez v. Apostolou*, No. 12 C 4860, 2012 WL 5381246, at *2 (N.D. Ill. Oct. 31, 2012). With regard to the VPC entities, the Court declined to rule on the question of claim preclusion because VPC and Sanchez had not briefed it adequately. The Court concluded, however, that Judge Coleman's ruling that Sanchez had failed to state a viable claim of successor liability constituted the law of the case. *Id.* The Court declined to dismiss the claims against the VPC defendants with prejudice, however, instead giving Sanchez a chance to attempt to replead them.

Sanchez made some fairly minor amendments to her claims against the VPC defendants and moved for leave to amend. The VPC defendants oppose the motion, arguing that the Court's prior ruling regarding law of the case was correct and also arguing, more completely than before, that the prior judgment has claim-preclusive effect and bars Sanchez's new claims. Sanchez argues that Judge Coleman's ruling cannot constitute law of the case because this is not the same lawsuit and it involves different parties (the VPC defendants). She also argues that Judge Coleman's ruling was based on manifest errors of fact and law. Finally, Sanchez argues that claim

3

preclusion does not apply because a judgment entered pursuant to an accepted offer of judgment does not have claim-preclusive effect.

Sanchez may well be correct that the Court's law-of-the-case ruling was incorrect. Even if so, however, her claim is barred by the doctrine of claim preclusion, sometimes referred to as *res judicata*. Claim preclusion bars a claim when there was a judgment on the merits in an earlier action involving the same parties or their privies and the same cause of action. *See, e.g., Bernstein v. Bankert*, ___ F.3d ___, 2012 WL 6601218, at *26 (7th Cir. Dec. 19, 2012). The Court ruled in its earlier decision that Judge Coleman's ruling barring her successor liability claim was a decision on the merits. *See Sanchez*, 2012 WL 5381246, at *2.

Sanchez's cause of action is the same as the one she asserted in the earlier suit – she does not argue otherwise – and the VPC defendants argue, without any dispute by Sanchez, that they are in privity with the defendants in the earlier case – indeed that is the very basis of Sanchez's claim of successor liability. *See Russell v. Sunamerica Secs., Inc.*, 962 F.2d 1169, 1174-76 (5th Cir. 1992); *Pet Prod. Innovations, LLC v. Paw Wash, LLC*, No. 11 C 7182, 2012 WL 2022038, at *6 (N.D. Ill. June 5, 2012) (collecting cases). *See also Am. Equip. Corp. v. Wikomi Mfg. Co.*, 630 F.2d 544, 545 n.1 (7th Cir. 1980) (tentatively concluding that asset purchaser was in privity with seller).

Sanchez's only argument regarding whether defendants have satisfied the requirements for claim preclusion is her contention that claim preclusion does not apply because an accepted offer of judgment does not constitute a judgment on the merits. *See* Pl.'s Reply at 2. The Court disagrees. The judgment in the earlier case may have been an agreed judgment, but it is a judgment nonetheless. Claim preclusion (though

not issue preclusion) applies to consent judgments – which is effectively what a Rule 68 judgment is – just as it applies to litigated judgments. *See Arizona v. California*, 530 U.S. 392, 414 (2000); *Alvear-Velez v. Mukasey*, 540 F.3d 672, 678 (7th Cir. 2008) ("[U]nder res judicata, consent decrees normally prevent a new lawsuit arising from the same dispute that underlay the litigation in which the decree was entered." (internal quotation marks omitted)); *Quincy Mall, Inc. v. Parisian, Inc.*, 27 Fed. Appx. 631, 637 (7th Cir. 2001) (unpublished). *See also, e.g., Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1297 (Fed. Cir. 2012); *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (citing *In re W. Tex. Mktg. Corp.*, 12 F.3d 497, 500 (5th Cir. 1994)); *Blakely v. United States*, 276 F.3d 853, 866 (6th Cir. 2002) ("A consent judgment, which has been freely negotiated by the parties and has been approved by the court, has the full effect of a final judgment for purposes of claim preclusion.").

In sum, the Court concludes that the judgment in the earlier suit has claim-preclusive effect against Sanchez.

Sanchez argues at length that Judge Coleman's ruling that she had not sufficiently alleged a claim of successor liability was erroneous, because it was based on factual misconceptions and because it went beyond the proper scope of a Rule 12(b)(6) dismissal. Such arguments, however, do not defeat the application of claim preclusion. If Sanchez believed Judge Coleman's ruling was in error, she should have sought reconsideration or should have appealed.

## Conclusion

For the reasons stated above, the Court denies plaintiff's motion for leave to file an amended complaint [dkt. no. 39]. Because the Court has previously dismissed

5

plaintiff's claim against defendant Apostolou on the merits and has now concluded that she is precluded from asserting a claim against the VPC defendants, the Court directs the Clerk to enter judgment in favor of all defendants and against plaintiff.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: January 30, 2013